JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV13-03425-RGK (JCGx) | Date | June 10, 2013 |
|---|---|---|---|
| Title | *JERRICK DE GUZMAN v. AFFORDABLE WIRELESS TECHNOLOGIES, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|
| Sharon L. Williams (Not Present) | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) Order Remanding Action to State Court

  On April 11, 2013, Jerrick De Guzman ("Plaintiff"), filed a class action against Affordable Wireless Technologies and T-Mobile USA, Inc. (collectively, "Defendants"). In his Complaint, Plaintiff asserts claims for civil penalties under the Private Attorney General Statute, California Labor Code §§ 2698, et. seq. ("PAGA").

  On May 13, 2013, T-Mobile removed the action to this Court alleging diversity of citizenship under the Class Action Fairness Act ("CAFA"). Upon review of T-Mobile's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

  Pursuant to 28 U.S.C. § 1332(d)(2), district courts shall have original jurisdiction over any civil action in which (1) any member of the class of plaintiffs is a citizen of a state different from any defendant; and (2) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege the amount in controversy, the removing defendant must supply this jurisdictional fact in the Notice of Removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992).

  Plaintiff's Complaint does not allege the amount in controversy. In its Notice of Removal, T-Mobile attempts to supply the requisite jurisdictional facts by providing the number of class members, number of pay periods in the class period, and estimating the amount of penalties that would accrue if Plaintiff established noncompliance by Defendants as to only 40% of the employees.

  T-Mobile calculates the amount in controversy by making significant assumptions. If the hypothetical percentage of noncompliance was reduced even slightly, the requisite amount in controversy would not be satisfied. To justify the 40% figure, T-Mobile states that Plaintiff actually

alleges 100% noncompliance. Upon review of the complaint, however, the Court finds that T-Mobile overstates Plaintiff's allegations. Because equally valid assumptions could be made that result in damages that are less than $5,000,000, the Court finds T-Mobile's calculations unpersuasive. Accordingly, T-Mobiles has failed to satisfy its burden that the amount in controversy meets the jurisdictional requirement.

       In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

                                       :
                          Initials of Preparer